IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Plaintiff,

v.                                                                             No. CV 12-1157 JP/LFG

UNIVERSITY OF NEW MEXICO HOSPITAL,
VALENCIA COUNTY DETENTION CENTER,
VALENCIA COUNTY MEDICAL CARE,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 13) (together the "complaint"). Also before the Court are Defendant Valencia County Detention Center's Motion to Dismiss (Doc. 24) and Plaintiff's Request nuero-specialist-Orthopedics [sic] exam of Medical Records (Doc. 31). Although the record contains no indication that service of process has been properly effected, the hospital and detention center Defendants have answered the complaint (Docs. 23, 34). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's claims against the named Defendants will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that in 2010 he was injured in an automobile accident. A law enforcement officer removed him from the scene in handcuffs and transported him to the University of New Mexico Hospital. The hospital allegedly delayed treatment and failed to provide adequate medical treatment for Plaintiff's injuries. The hospital released him, and he was then transported to Valencia County Detention Center, where adequate treatment was again delayed and denied. Plaintiff became comatose temporarily, and later he was housed in unsanitary conditions. Plaintiff contends that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments. The complaint seeks damages.

No relief is available on Plaintiff's claims against the named Defendants University of New Mexico Hospital, Valencia County Detention Center, and Valencia County Medical Care.[1] First, Defendant University of New Mexico Hospital is part of the University of New Mexico, which is an arm of the state, and is therefore not a "person" for purposes of § 1983. *See Mascheroni v. Bd. of Regents of University of California*, 28 F.3d 1554, 1559 n. 5 (10th Cir. 1994), *abrogated in part on other grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117-18 (2002).

---

[1] In his amended complaint, Plaintiff identifies this party as Valencia Valley Health Care. And in its motion to dismiss (Doc. 24), Defendant Valencia County Detention Center states, "At the time of Plaintiff's incarceration, it is believed that medical services were contracted with Valencia Valley Healthcare[,] . . . a private corporation."

Plaintiff may not prosecute civil rights claims against this Defendant. *See Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

And second, Plaintiff's allegations do not support claims against the County or private health care entity Defendants. Plaintiff does not allege that the actions of employees of these entities were taken pursuant to a custom or policy of their employers. *See Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002) ("Claims against [the detention center] are the equivalent of an action against the county itself[, and Plaintiff] has not alleged any facts to support a claim that his injuries resulted from an unconstitutional policy or custom."); *and see Baker v. Simmons*, 65 F. App'x 231, 234 (10th Cir. 2003) (" '[C]orporate defendants cannot be held vicariously liable for the acts of their servants under section 1983.' ") (citation omitted); *Drager v. Grand Central, Inc.*, 504 F.2d 142, 146 (10th Cir. 1974) (same). The Court will dismiss Plaintiff's claims against the named Defendants, with leave to amend his complaint and make factual allegations against specific individual Defendants who allegedly violated his rights. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) ("[I]t is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."). Failure to adequately comply with this order may result in dismissal of this action.

In Plaintiff's Request nuero-specialist-Orthopedics [sic] exam of Medical Records, he asks for expert evaluation of his medical condition and for appointment of a third party to protect his rights. The requested relief will be denied without prejudice at this time, pending development of Plaintiff's amended claims.

IT IS THEREFORE ORDERED that Plaintiff's Request nuero-specialist-Orthopedics [sic] exam of Medical Records (Doc. 31) is DENIED without prejudice at this time;

IT IS FURTHER ORDERED that Defendant Valencia County Detention Center's Motion to Dismiss (Doc. 24) is GRANTED; Plaintiff's original and amended civil rights complaint (Docs. 13) are DISMISSED; and Defendants University of New Mexico Hospital, Valencia County Detention Center, and Valencia County Medical Care are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this order, Plaintiff may file an amended pleading making factual allegations against specific individual Defendants who allegedly violated his rights.

_____
SENIOR UNITED STATES DISTRICT JUDGE