# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

      Plaintiff,

v.                                                                            No. CV 12-1157 JP/LFG

UNIVERSITY OF
NEW MEXICO HOSPITAL, et al.,[1]

      Defendants.

## **ORDER**

THIS MATTER is before the Court on Plaintiff James Thor Kirk's ("Kirk") April 7, 2013 letter to the Court, docketed on April 13, 2013, as a motion requesting copies of all docket entries in this case. [Doc. 39.] There is no need for a response.

Kirk is incarcerated, appears pro se, and is proceeding in forma pauperis ("IFP") with respect to this civil rights action.  His letter/motion asks that the Court provide him with copies of docket entries, Nos. 1-39, explaining that there was a riot or disturbance at his correctional facility that resulted in damage to his copies of "legal work."  Kirk also requests a "formal example form of an amended complaint."  The Court denies Kirk's request for the reasons explained below.

Kirk apparently assumes that the Court will copy pleadings and forms for him, and then mail them to him at the taxpayer's expense.  Kirk may believe that the Court's Order, granting leave to proceed in forma pauperis, without the payment of the fees and costs [Doc. 14], "includes the right to have free copies of any documents in the record the indigent party desires.  It does not; . . ."

---

[1] On April 4, 2013, the Court dismissed Plaintiff's original and amended complaint against defendants and dismissed all named Defendants. [Doc. 38.] Kirk was permitted a limited period of time to file an amended pleading making factual allegations against specific individual Defendants who allegedly violated his rights.  That deadline has not yet run.

Guinn v. Hoecker, No. 94-1257, 1994 WL 702684, at *1 (10th Cir. Dec. 15, 1994) (unpublished) (requiring showing of need for documents), *cert. denied*, 514 U.S. 1118 (1994); *see* United States v. Olsen, No. 97-1271, 1998 WL 13414, at *1 (10th Cir. Jan. 15, 1998) (unpublished) (finding that IFP movant was not entitled to copy of trial transcript at government's expense); *see also* Schwarz v. Interpol, Office Of Info. and Privacy, Nos. 94-4111, 94-4142, 1995 WL 94664, at *2 (10th Cir. Feb. 28, 1995) (unpublished) (although IFP litigant is relieved of certain costs associated with litigation, the pertinent statute does not grant the court the authority to provide an indigent litigant with certified copies of all documents in the record), *cert. denied*; 515 U.S. 1146 (1995); United States v. Anderson, No. 2:94cr163, 1997 WL 138970, at **3-4 (E.D. Va. Mar. 14, 1997) (unpublished) (requiring showing of particularized need), *aff'd by*, 5 F. App'x. 190 (4th Cir. Mar 2, 2001).

Kirk's request makes no showing of a particular need for the documents. He fails to demonstrate how copies of every docket entry in this case would assist him in filing an amended complaint. The Court, therefore, denies Kirk's request for copies of docket entries Doc. Nos. 1-39 and pleading forms [Doc. 39].

IT IS SO ORDERED.

*[signature: Lorenzo F. Garcia]*
Lorenzo F. Garcia
United States Magistrate Judge