IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Plaintiff,

v.                                                        No. CV 12-1157 JP/LFG

COUNTY OF VALENCIA,
BOARD OF VALENCIA COUNTY COMMISSIONERS,
THE JAIL ADMINISTRATORS,
NEW MEXICO STATE,
NEW MEXICO STATE POLICE OFFICER
JEFFERY BURKE AND ADMINISTRATORS,
UNIVERSITY OF NEW MEXICO HOSPITAL, DOCTORS,
AND ADMINISTRATORS,
VALENCIA COUNTY DETENTION CENTER OFFICER
RANDY GUTIERREZ,
VALENCIA COUNTY DETENTION CENTER MEDICAL
SERVICE, DOCTOR ROLANDO FLORES,
AND ADMINISTRATORS,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's revised second amended civil rights complaint (Doc. 53).[1]  Also pending before the Court are Defendant Gutierrez's Motion for More Definite Statement (Doc. 45); Defendant University of New Mexico Hospital's Motion to Dismiss (Doc. 56); and Plaintiff's Motions to Void Power of Attorney's (Doc. 50), for treatment by specialist (Doc. 51), for a Martinez Report (Doc. 52), and for Appointment of Counsel (Docs. 57, 60).  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  The Court will rule on the

---

[1] The Clerk entered the complaint on the docket as a motion to amend.  Because the complaint was filed with prior leave of the Court (Docs. 38, 41), the motion will be denied as moot.

motions and, for reasons set out below, will dismiss certain of Plaintiff's claims.

By Order entered on April 4, 2013, the Court dismissed Plaintiff's claims against the Defendants named in his original and first amended complaints. By leave granted in the April 4 order, Plaintiff then filed his second amended complaint on May 17, 2013 (Doc. 43), and on June 17, 2013, he filed a slightly revised version entitled "Amended Complaint" (Doc. 53). The revised complaint will be construed as superseding all earlier versions. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 733 (10th Cir. 2005). Henceforth in this action all references to "the complaint" or "the amended complaint" will denote the revised second amended complaint (Doc. 53). Both new and previously dismissed Defendants are named in the amended complaint (Doc. 53, p.1), as indicated in the caption above. No further amendments will be considered except by prior order of the Court.

Plaintiff alleges that in 2010 he was injured in an automobile accident. State Police Officer Burke denied first aid treatment and transported Plaintiff from the scene in handcuffs to the University of New Mexico Hospital. The hospital allegedly delayed treatment and failed to provide adequate medical treatment for Plaintiff's injuries. When the hospital released him he was transported to Valencia County Detention Center, where Defendant Flores further delayed and denied him adequate treatment. Plaintiff became comatose temporarily and was later housed in unsanitary conditions. Plaintiff contends that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments. The complaint seeks damages.

In an earlier order (Doc. 38), the Court dismissed Plaintiff's claims against Defendants University of New Mexico Hospital, Valencia County Detention Center, and Valencia County Medical Care. In light of the reasons for these dismissals, the Court will decline to reinstate Plaintiff's claims against these parties. And for the reasons stated in the earlier order, (Doc. 38, pp.

2-3), the Court will dismiss Plaintiff's claims in the amended complaint against the newly named entity and supervisory Defendants County of Valencia, Board of Valencia County Commissioners, State of New Mexico, and unnamed Administrators.

No relief is available under § 1983 on Plaintiff's claims against the unnamed Defendant Doctors at University Hospital. Plaintiff alleges only that these Defendants "failed to provide adequate medical treatment." On the other hand, he was given "several tests i.e. CT X-rays" before he was released to the police. The evaluations of Plaintiff's injuries and subsequent decisions not to provide specific treatments do not support a claim under the Eighth Amendment that the Defendant Doctors were deliberately indifferent to Plaintiff's serious medical needs. *See Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (quarrel with doctor over treatment for hepatitis C raises no constitutional issue). "The prisoner's right is to medical care--not to the type or scope of medical care which he personally desires." *Coppinger v. Townsend*, 398 F.2d 392, 393 (10th Cir. 1968). Rather, "diagnostic techniques or forms of treatment" are matters for medical judgment, and an inmate's disagreement with such judgments does not give rise to claims for cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. at 107; *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (rejecting § 1983 claims based on harmless delay and refusal to provide specific surgery).

Plaintiff's alleged facts, at best, support claims of medical malpractice. An allegation of malpractice, however, "does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105-106. Plaintiff's claims against the Defendant Doctors will be dismissed.

Plaintiff's amended complaint makes no allegations against Defendant Gutierrez. In his first amended complaint, Plaintiff alleged only that Defendant Gutierrez stated that "Mr. Kirk was in

3

booking cell for several days without showering or eating properly." (Doc. 13, p. 5.) This allegation describes no violation of rights or injury caused by Gutierrez, and the Court will dismiss Plaintiff's claims against this Defendant.

As a result of the discussion above, Defendant Gutierrez's Motion for More Definite Statement (Doc. 45) and Defendant University of New Mexico Hospital's Motion to Dismiss (Doc. 56) are moot. Plaintiff's Motion to Void Power of Attorney's (Doc. 50) will be denied for failure to present an issue "which can ' "be redressed by a favorable judicial decision." ' " *Gille v. Booher*, No. 00-6106, 2000 WL 1174612, at **1 (10th Cir. Aug. 18, 2000). In Plaintiff's motion for treatment by specialist (Doc. 51), he asks for expert evaluation of his medical condition and for appointment of a third party to protect his rights. The requested relief and the Motion for a Martinez Report (Doc. 52) will be denied without prejudice at this time, pending development of Plaintiff's amended claims. The Court will also deny Plaintiff's Motions for Appointment of Counsel (Docs. 57, 60) at this time. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

IT IS THEREFORE ORDERED as follows:

- the Court REAFFIRMS the dismissal of Plaintiff's claims against Defendants University of New Mexico Hospital, Valencia County Detention Center, and Valencia County Medical Care;

- Plaintiff's claims against Defendants County of Valencia, the Board of Valencia County Commissioners, the State of New Mexico, and unnamed Administrators and Doctors are DISMISSED; and Defendants County of Valencia, the Board of

 Valencia County Commissioners, the State of New Mexico, and unnamed Administrators and Doctors are DISMISSED as parties to this action;

- Plaintiff's motion to amend (Doc. 53), Defendant Gutierrez's Motion for More Definite Statement (Doc. 45), and Defendant University of New Mexico Hospital's Motion to Dismiss (Doc. 56) are DENIED as moot;

- Plaintiff's Motion to Void Power of Attorney's (Doc. 50), motion for treatment by specialist (Doc. 51), Motion for a Martinez Report (Doc. 52), and Motions for Appointment of Counsel (Docs. 57, 60) are DENIED at this time; and

- the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Doc. 53), for Defendants Burke and Flores.

_____
UNITED STATES DISTRICT JUDGE