IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Plaintiff,

v.                                                    CV 12-1157 JAP/WPL

DOCTOR ROLANDO FLORES and
OFFICER JEFFREY BURKE,

    Defendants.

**ORDER**

    This matter is before me *sua sponte*. On April 28, 2014, I entered a Proposed Findings and Recommended Disposition ("PFRD"), recommending that the Court grant summary judgment as to Burke and Flores on the basis of qualified immunity. (Doc. 162.) On May 5, 2014, the Supreme Court decided *Tolan v. Cotton*. 134 S. Ct. 1861 (2014). The Court reversed the Fifth Circuit and remanded the case for "fail[ing] properly to acknowledge key evidence offered by the party opposing that [summary judgment] motion." *Id.* at 1867-68. The Court found that the Fifth Circuit "failed to adhere to the axiom that in ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Id.* at 1863 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

    I recommended that the Court follow *Scott v. Harris*, 550 U.S. 372 (2007), and construe the facts as to the timing and manner of Kirk's transport to the University of New Mexico Hospital ("UNMH") following a high-speed crash in the light depicted by ambulance and hospital records corroborating Burke's reports rather than in the light most favorable to Kirk. *See*

*Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) ("[W]e examine the factual record and draw reasonable inferences therefrom in a light most favorable to the nonmoving party.") (citation omitted). In *Scott*, the Court adopted the facts as depicted by a videotape of a high-speed police chase rather than the facts as described by the plaintiff because the plaintiff's "version of events [was] so utterly discredited by the record that no reasonable jury could have believed him." 550 U.S. at 380. The Court stated, "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

In *Tolan*, the Court reinforced the summary judgment standard. *See* 134 S. Ct. at 1866. The Court did not discuss any exceptions to the standard's requirement that on factual issues, reasonable inferences be drawn in favor of the nonmovant. Based on *Tolan*, I find that the instant case would benefit from further examination of the facts and of whether a blatant contradiction exception should be applied pursuant to *Scott* as to the facts surrounding the timing and manner of Kirk's transport to UNMH following the crash. As such, I withdraw the PFRD at this time. I will also explore the possibility of finding counsel for Kirk through the Court's pro bono panel.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.