IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

        Plaintiff,

v.                                                                    CV 12-1157 JAP/WPL

DOCTOR ROLANDO FLORES and
OFFICER JEFFREY BURKE,

        Defendants.

**ORDER DENYING KIRK'S MOTION TO COMPEL/CONSENT ORDER (DOC. 126) AND GRANTING IN PART AND DENYING IN PART KIRK'S MOTION TO PROVIDE DOCUMENTS/EVIDENCE (DOC. 127)**

This matter is before me on Kirk's Motion to Compel/Consent Order (Doc. 126) and Motion to Provide Documents/Evidence (Doc. 127). Defendants did not file a response to either motion. In the former, Kirk first asks the Court to order Flores to provide documents evidencing that he is actually a doctor and not a certified nurse practitioner, as Kirk believes that Flores is skirting his legal obligations by claiming a lesser certification.

A state actor violates a clearly established Eighth Amendment right "if he acts with deliberate indifference to an inmate's serious medical needs—and if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). A plaintiff must satisfy both objective and subjective components. *Id.* "The objective component is met if the deprivation is sufficiently serious." *Id.* (quoting *Sealock*, 218 F.3d at 1209). The subjective element, requiring "deliberate indifference," is shown where the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." *Garrett*, 254 F.3d at 949 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This deliberate indifference standard is the same, whether applied to a prison doctor or a prison guard, *see Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976), or, at issue in this case, a certified nurse practitioner. I therefore DENY as frivolous Kirk's request for documents showing that Flores is a doctor.

Kirk next requests in his Motion to Compel/Consent Order that Flores provide all documents reflective of any insurance policies he may have that would cover legal expenses, including a judgment against him. Because no judgment has been entered against Flores, such a request is premature and is DENIED.

Finally, Kirk asks in his Motion to Compel/Consent Order that the Court find that Flores showed deliberate indifference to serious medical needs and award compensatory and punitive damages, reasonable attorney's fees and costs, and any other just and equitable relief, such as one million dollars from each Defendant. I recognize Kirk's request, but decline to address it at this time, pending a decision on the merits of this case.

In Kirk's Motion to Provide Documents/Evidence (Doc. 127), Kirk first requests police dispatch records. I DENY this request as MOOT because Sergeant Burke's ("Burke") *Martinez* report already included redacted dispatch records (*see* Doc. 110 Ex. A at 19-22), and Kirk himself included an unredacted dispatch record in a later filing (*see* Doc. 137 at 6-13).

Kirk next requests complete, unedited dashcam video and audio, including but not limited to Burke's dashcam, proving Kirk's allegations. The Order directing Burke to file a *Martinez* Report did not require Burke to file video or audio records. (*See* Doc. 83.) Nonetheless, Burke filed a video from his dashcam, with audio. (*See* Doc. 112 Ex. B.) The video ends shortly after the crash and prior to the arrival of any emergency vehicles or Kirk's departure from the scene.

The record does not indicate whether any other police video or audio records exist from the scene from the period of time following the crash until Kirk's admittance to the University of New Mexico Hospital ("UNMH"). The Court is not "required to permit plaintiff to engage in a fishing expedition in the hope of supporting his claim." *Martinez v. Cornell Corr. of Texas*, 229 F.R.D. 215, 218 (D.N.M. 2005) (quotations and citations omitted). However, because Kirk's claims against Burke deal with Burke's treatment of Kirk following the crash until Kirk's arrival at UNMH, any video or audio evidence from this period would be of particular relevance and reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). I therefore GRANT this request and order Burke to file with the Court all video and audio available from the time of the automobile crash to Kirk's arrival at UNMH. Such evidence shall be filed with the Court by **October 17, 2014.** If no such additional evidence exists, Burke shall file an explanation to this effect with the Court by the same date.

Finally, Kirk requests a sworn affidavit from Agent David Hoy regarding his knowledge of the October 26, 2010, incident and October 24, 2010, tactical plan. Kirk asserts that officers conspired against him on October 24, 2010, and then slandered him with charges on October 26, 2010. He submits what appears to be a use of force policy, followed by an arrest warrant operation spreadsheet, listing Officer Lopez, Burke, and Hoy. (Doc. 127 at 3-4.) I DENY this request for two reasons. First, the Court already ordered, and Burke submitted, incident reports and/or affidavits from the officers involved in the incident. (*See* Doc. 83 at 5.) Second, the scope of discovery is limited to relevant information. *See* FED. R. CIV. P. 26(b)(1). There is no indication from the document submitted by Kirk that the use of force policy and arrest warrant operation had anything to do with Kirk, much less a conspiracy against him.

    IT IS SO ORDERED.

                                                                            */s/ William P. Lynch*
                                                                            William P. Lynch
                                                                            United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.