## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

       Plaintiff,

v.                                CV 12-1157 JAP/WPL

DOCTOR ROLANDO FLORES and
OFFICER JEFFREY BURKE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

On March 17, 2015, the Magistrate Judge filed PROPOSED FINDINGS AND

RECOMMENDED DISPOSITION ("PFRD") (Doc. 211).  On April 17, 2015, Plaintiff James

Thor Kirk filed PLAINTIFF JAMES THOR KIRK'S WRITTEN OBJECTIONS TO

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ("Objections") (Doc. 214).

Neither Defendant Officer Burke nor Defendant Dr. Flores filed objections to the Magistrate

Judge's PFRD or responded to Plaintiff's Objections. The PFRD recommended that the Court

grant in part and deny in part PLAINTIFF JAMES THOR KIRK'S MOTION FOR LEAVE TO

FILE AMENDED COMPLAINT.  ("Motion") (Doc. 200.) Specifically, the PFRD recommended

that the Court allow leave to amend the complaint as to certain claims, but not others, against

Defendant Burke; deny leave to amend as to Plaintiff's claims against Defendant Flores and

Defendants John Does 1-3; grant summary judgment in favor of Defendant Flores on the basis of

qualified immunity; and dismiss Plaintiff's claims against Defendant Flores with prejudice.

Having conducted a de novo review, the Court adopts the recommendations set forth in the

PFRD, as explained below. The Court adopts in part and denies in part Plaintiff's Motion.

### CLAIMS AGAINST OFFICER BURKE

The Magistrate Judge discussed the factual and procedural background of this case in the PFRD, so it will not be recounted here. (Doc. 211 at 1-4, 7.)

In the PFRD, the Magistrate Judge noted Defendant Burke's argument that Plaintiff's allegations against him are not theoretically viable, solidly grounded in the record, or supported by substantial evidence; that Plaintiff's proposed claims against him are futile; and that because Defendant Burke has already spent considerable time and expense defending against Plaintiff's claims, allowing amendment of the complaint without competent evidentiary support would be prejudicial. (Doc. 211 at 7.) Plaintiff argued that Defendant Burke did not establish that Plaintiff's proposed amended complaint would be dismissed on a motion to dismiss or motion for summary judgment, so amendment would not be futile.

The Magistrate Judge recommended that the Court find that, as in *Scott v. Harris*, 550 U.S. 372, 378 (2007), the record blatantly contradicts Plaintiff's version of how he was transported to the University of New Mexico Hospital ("UNMH") and by whom. As such, the Magistrate Judge recommended that the Court conclude that Plaintiff was transported to UNMH by ambulance, not by Defendant Burke in a police unit, and deny Plaintiff leave to amend to include any allegations premised on Defendant Burke transporting Plaintiff to UNMH in his police unit. (Doc. 211 at 10.)

Plaintiff makes several objections to the Magistrate Judge's recommendations. First, Paintiff objects that the Magistrate Judge improperly sua sponte recommended summary judgment in favor of both Defendant Burke and Defendant Flores.[1] Plaintiff argues that "[w]hile it is within a district court's power to grant summary judgment sua sponte under Rule 56(f), the

---

[1] Plaintiff's objections as they apply to the Magistrate Judge's recommendations regarding his claims against Flores will be addressed in a separate section.

2

Tenth Circuit has described such a practice as 'not favored.'" (Doc. 214 at 6 (quoting *Ward v. Utah*, 398 F.3d 1239, 1245 (10th Cir. 2005)).) Further, Plaintiff contends that "a sua sponte grant of summary judgment is only appropriate if 'the losing party was on notice that []he had to come forward with all of [his] evidence.'" (*Id.* (quoting *Ward*, 398 F.3d at 1245).) Plaintiff points out that Federal Rule of Civil Procedure 56(f) provides that a Court may consider summary judgment sua sponte after "notice and a reasonable time to respond." (*Id.* (quoting FED. R. CIV. P. 56(f)).) Plaintiff argues that he was not on notice that the Court was considering granting summary judgment sua sponte and that he should come forward with all of his evidence. Plaintiff states that he was under the impression that he would be able to conduct further discovery to develop the factual record in this case.

Plaintiff observed that the Magistrate Judge said that "there are no pending motions for summary judgment." (*See* Doc. 211 at 11.) Plaintiff also noted the Magistrate Judge's withdrawal of his earlier PFRD (Doc. 162), in which the Magistrate Judge stated that

> [b]ased on *Tolan* [*v. Cotton*, 134 S. Ct. 1861, 1866 (2014)], I find that the instant case would benefit from further examination of the facts and of whether a blatant contradiction exception should be applied pursuant to *Scott* as to the facts surrounding the timing and manner of Kirk's transport to UNMH following the crash

(*See* Doc. 176 at 2). Plaintiff further states that when his counsel remarked at a status conference with the Magistrate Judge on October 27, 2014, that she would likely "want to conduct some discovery, including taking depositions" the Magistrate Judge did not inform counsel of an obligation to produce all evidence in support of Plaintiff's claims or that he was contemplating a recommendation of a sua sponte entry of summary judgment in favor of Defendants. (*See* Doc. 192 at 1.) Accordingly, Plaintiff argues that the PFRD does not follow the requirements of the Federal Rules of Civil Procedure or Tenth Circuit law.

3

In addition to his objection that the Magistrate Judge did not provide notice that he was considering a recommendation of sua sponte entry of summary judgment, Plaintiff also objects that the Magistrate Judge failed to make a finding that further discovery would be futile. Plaintiff cites to Second and Eleventh Circuit cases for the proposition that a sua sponte grant of summary judgment is improper without an explicit finding that additional discovery will not change the result under Rule 56. (Doc. 214 at 8-9 (citing *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996); *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 742 F.3d 17, 24 (2d Cir. 2014)).)  Plaintiff contends that he should be able to depose the named Defendants and test the documentary evidence that the Defendants submitted in their *Martinez* reports through deposition or further written discovery. In particular, Defendant would like to depose Defendant Burke to question him about why the dashcam video ends abruptly.

Upon examining the record, the PFRD, and Plaintiff's Objections, it is apparent that although there are no traditional motions for summary judgment pending on the docket, Defendants' *Martinez* reports remain outstanding. (*See* Docs. 110-13, 121, 138.) A *Martinez* report may be construed as a motion for summary judgment. *Hall v. Bellmon*, 935 F.2d 1106, 1109-13 (10th Cir. 1991). Defendant Burke explicitly requested that his *Martinez* report be considered as a motion for summary judgment. (Doc. 110 at 1.) Further, the Court's Order Directing Submission of *Martinez* Report from Defendant Burke stated that "the plaintiff must be given an opportunity to present conflicting evidence to controvert the facts set out in the report." (Doc. 83 at 5.) The Order further instructed that "[t]he parties are hereby given notice that the report may be used in deciding whether to grant or deny summary judgment on Kirk's claims and civil rights complaint as asserted against Officer Burke; thus the parties should submit whatever materials they consider relevant to the claims." (*Id.* at 6.)   Under these

4

circumstances, Plaintiff's contention that he had no notice of his responsibility to produce all evidence in support of his claims is baseless. Indeed, Plaintiff, while pro se, filed hundreds of pages of documents. (*See, e.g.*, Docs. 118-20, 122-23, 125, 129, 130-31, 133-34, 137.) That Plaintiff is now represented by counsel does not negate the fact that he received notice of his obligation to produce any relevant materials and that instead he produced copious documentation.

The Court recognizes that there may be room for further discovery as to Plaintiff's claims against Defendant Burke. It is true that Plaintiff's counsel has not had the opportunity to depose Defendant Burke or conduct additional written discovery. However, similar to the Second and Eleventh Circuit cases cited by Plaintiff, the Tenth Circuit has found that "[i]f a losing party was not prejudiced . . . , we will not reverse simply because the grant of summary judgment came sua sponte." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1170 (10th Cir. 2010) (quotation omitted). In the Tenth Circuit, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

The Magistrate Judge made clear in his analysis that his recommended denial of leave to amend as to Plaintiff's claims regarding his transport to UNMH were based on the premise that amendment would not survive a motion for summary judgment. The Court agrees with the Magistrate Judge that the police records, ambulance records, and hospital records as a whole blatantly contradict Kirk's claims regarding his transport to UNMH. Further discovery in the presence of these blatantly contradicting records would be futile, and therefore, leave to amend to include Plaintiff's claims against Defendant Burke regarding Plaintiff's transport to UNMH would also be futile because of their inability to survive a motion for summary judgment. As a

result, Plaintiff's objections regarding the Magistrate Judge's recommendations concerning these claims against Defendant Burke are without merit. The Court will deny leave to amend and will grant summary judgment with regard to claims against Defendant Burke pertaining to Plaintiff's transport to UNMH.

The Court notes that Plaintiff's claims for inadequate medical care at the scene of the crash have been brought under the Due Process Clause of the Fourteenth Amendment and twice invoke the "deliberate indifference" standard that applies in cases of cruel and unusual punishment under both the Eighth and Fourteenth Amendments. (*See* Doc. 200 Ex. 1 at 5-6.) Had the record not shown that Plaintiff was transported to UNMH by ambulance, another line of inquiry likely would have applied to Plaintiff's claims that Defendant Burke transported Plaintiff to UNMH in his police unit. At the outset, the Supreme Court found in *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983), that "[t]he Due Process Clause . . . require[s] the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police." Yet in *Graham v. Connor*, 490 U.S. 386, 395 (1989), the Court held that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."

After *Graham*, the Ninth Circuit held that "a police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment." *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1099 (9th Cir. 2006). Lower courts have interpreted this to mean that a failure to provide post-arrest medical assistance is analyzed under the reasonableness standard of the Fourth Amendment rather than under the Fourteenth

Amendment. *See Ostling v. City of Bainbridge Island*, 872 F. Supp. 2d 1117, 1129 (W.D. Wash. 2012) ("[C]ourts now sensibly analyze both claims of excessive force and failure to render post-arrest medical aid under the same reasonableness standard of the Fourth Amendment."); *Mejia v. City of San Bernardino*, No. EDCV 11-00452 VAP, 2012 WL 1079341, at *5 (C.D. Cal. Mar. 30, 2012) ("The Fourth Amendment requires law enforcement officers to provide objectively reasonable post-arrest care to an apprehended suspect.").

Because the record blatantly contradicts Plaintiff's assertion that Defendant Burke transported Plaintiff to UNMH in his police unit and instead conclusively shows that Plaintiff was transported by ambulance, the Court need not apply the reasonableness standard here. With respect to the time during which Plaintiff was in the care of paramedics, there are no potential claims against Defendant Burke for failure to provide adequate medical aid.

In addition to his recommendation that leave to amend be denied as to Plaintiff's claims regarding his transport to UNMH, the Magistrate Judge also recommended that the Court grant Plaintiff leave to amend with respect to his claims arising against Defendant Burke from the time of the rollover at 1:00 p.m. to the time the ambulance arrived at 1:24 p.m. (Doc. 211 at 10-11.) The Magistrate Judge noted that there are conflicting accounts from Plaintiff and the officers regarding whether Defendant Burke left Plaintiff where he landed upon ejection from his car or whether Defendant Burke put Plaintiff in his police vehicle and how Defendant Burke treated Plaintiff during that time. Neither Plaintiff nor Defendant Burke objected to the Magistrate Judge's recommendation to grant leave to amend as to these claims. Therefore, the Court will grant Plaintiff leave to amend to assert claims against Defendant Burke arising during the 1:00 p.m. to 1:24 p.m. time period on October 26, 2010.

**CLAIMS AGAINST DEFENDANT FLORES**

The Magistrate Judge determined that, with respect to claims brought against Defendant Flores, Plaintiff had simply rephrased the same claims that he had previously brought while pro se: that is, Plaintiff asserted no new facts or theories of relief. The Magistrate Judge noted that the parties "do not dispute the actual medical care that Flores provided, only the adequacy of the care and whether Flores exhibited deliberate indifference." (Doc. 211 at 13.) Further, the Magistrate Judge remarked that Defendant Flores provided copies of relevant medical records and Plaintiff's requests for medical care, that Plaintiff supplemented the documentation, and that there was no indication in the record or in the motion for leave to amend that the record lacked any relevant documentation. The Magistrate Judge agreed with Defendant Flores that the proposed amended complaint added nothing new to the qualified immunity analysis. The Magistrate Judge then summarized Plaintiff's medical records and Plaintiff's own medical complaints, concluding that there was "no evidence of a serious deprivation or facts supporting a conclusion that Kirk faced a substantial risk of serious harm." (*Id.* at 17.) Accordingly, the Magistrate Judge found that Plaintiff did not meet the objective component required for a violation of his Fourteenth Amendment due process rights. (*See id.* at 14 (describing the objective and subjective components for a violation of Fourteenth Amendment due process rights with respect to a government official's actions as to an inmate's medical needs).) The Magistrate Judge therefore recommended that the Court find that there was no showing that Defendant Flores violated a constitutional right and that Defendant Flores is entitled to qualified immunity and summary judgment in his favor.

Plaintiff makes the same objections with regard to the Magistrate Judge's recommendations concerning Plaintiff's claims against Defendant Flores—that he did not

receive notice that the Court was contemplating a sua sponte grant of summary judgment and that the PFRD did not contain any findings about the futility of additional discovery. Plaintiff contends that the Magistrate Judge concluded, based on an incomplete record, that Defendant Flores did not exhibit deliberate indifference to Plaintiff's medical needs. Plaintiff

> anticipates that discovery will show that . . . Flores was responsible for [Kirk's] medical care when he initially arrived at the Detention Center, that . . . Flores should have known that [Kirk] faced a substantial risk of serious harm given that he had been involved in a roll-over vehicle collision less than 24 hours prior, and that . . . Flores failed to provide [Kirk] adequate medical care but instead only prescribed him pain medication. Discovery may also reveal that . . . Flores was responsible for arranging [Kirk's] transport to off-site medical appointments, and that he failed to do so. . . . [Kirk] anticipates that discovery will reveal that [Flores's] refusal to treat [Kirk's] head injury and provide other medical care amounts to deliberate indifference to his constitutional rights.

(Doc. 214 at 11-12.) Plaintiff argues that he should be allowed to depose Defendant Flores and two detention officers who could testify as to Plaintiff's medical condition upon arrival at the detention center and to the conditions in which he was first housed.

As a preliminary matter, the Court clarifies that the Magistrate Judge did not determine that Defendant Flores did not exhibit "deliberate indifference" to Plaintiff's medical needs—the subjective component of the test to ascertain whether Plaintiff's Fourteenth Amendment due process rights were violated. Instead, the Magistrate Judge found the absence of evidence supporting the objective portion of the test, which requires a "deprivation [that] is sufficiently serious." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (quotation omitted).

With regard to whether Plaintiff had notice that summary judgment might be granted sua sponte in favor of Defendant Flores, the Court points out that Defendant Flores specifically requested that the Court consider his *Martinez* report as a motion for summary judgment. (Doc. 121 at 1.) In his Order for Doctor Rolando Flores to Submit a *Martinez* Report, the Magistrate Judge included the following language:

> The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or *sua sponte*. *See* [*Hall*, 935 F.2d at 1109-13]; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment *sua sponte*, as long as the opposing party was on notice that she had to come forward with all her evidence). But the prisoner must be given an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. . . . The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*. Therefore, the parties should submit whatever materials they consider relevant to [Kirk's] claims against Doctor Flores.

(Doc. 106 at 1-2.) It is obvious from these two documents that Plaintiff was on notice that the Court might sua sponte grant summary judgment in favor of Defendant Flores. Further, as noted previously, Plaintiff supplemented Flores's *Martinez* report with hundreds of pages of Court filings. The Court also finds that Plaintiff had a reasonable time to respond and that he actually did respond. Again, the fact that Plaintiff now has obtained counsel does not bear on whether Plaintiff had notice that the Court might grant summary judgment in favor of Defendant Flores.

In addition, the Magistrate Judge's Order withdrawing his original PFRD (*see* Doc. 162) clarifies that he withdrew the PFRD to "further examin[e] . . . the facts and . . . whether a blatant contradiction exception should be applied pursuant to *Scott* as to the facts surrounding the timing and manner of Kirk's transport to UNMH following the crash" (Doc. 176 at 2). The Magistrate Judge was silent as to whether Plaintiff's claims against Defendant Flores required further examination of the facts. Under these circumstances, the reasoning underlying the existence of the qualified immunity defense sheds light on the decision not to allow additional discovery.

Qualified immunity "spare[s] [federal and state officials] not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). It is important to resolve issues of qualified

immunity at the "earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

While Plaintiff has suggested certain information he might learn through discovery, he does not contest the accuracy or completeness of the medical documents themselves. Given that Plaintiff had notice that the Court might grant summary judgment in favor of Defendant Flores, that Plaintiff provided extensive documentation to the court, that the Order withdrawing the PFRD made no mention of additional factual development with respect to Plaintiff's claims against Defendant Flores, and that the record does not establish a sufficiently serious medical deprivation, the Court concludes that Defendant Flores is entitled to qualified immunity and summary judgment in his favor. Plaintiff's objections with respect to Defendant Flores are without merit.

### CLAIMS AGAINST DEFENDANTS JOHN DOES 1-3

The Magistrate Judge recommends that the Court deny leave to amend Plaintiff's complaint to include claims against John Does 1-3 for a violation of Kirk's Fourth Amendment right against unreasonable search and seizure arising from a warrantless search of Plaintiff's anal cavity at UNMH following the rollover crash. The Magistrate Judge recommends that the Court find that leave to amend to include such claims would be futile because they would be barred by the statute of limitations.

The Court concurs with the Magistrate Judge that Plaintiff's injury, if any, accrued on October 26, 2010, the day of the crash and Plaintiff's hospitalization at UNMH. The Magistrate Judge found that the first time Plaintiff ever mentioned an anal cavity search was on December 16, 2013—over three years after his hospitalization and thus outside of the three-year statute of limitations for 42 U.S.C. § 1983 claims brought in New Mexico. *See* N.M. STAT. ANN. § 37-1-8

(2015); *Wilson v. Garcia*, 471 U.S. 261, 266-67, 275-76 (1985). Further, the Magistrate Judge found that none of the three relation-back provisions in Federal Rule of Civil Procedure 15(c)(1) apply in this case.

Plaintiff objects that on July 31, 2013—within the three-year statute of limitations—he set out, or attempted to set out, in a document a claim for an illegal body cavity search. (*See* Doc. 90.) Plaintiff admits that he did not file this document until November 19, 2013—outside of the statute of limitations—but argues that his claim for relief relates back to July 31, 2013.

Without examining Plaintiff's relation-back argument, the Court determines that the referenced document in no way attempted to set out a claim for an illegal body cavity search, so even if a relation-back argument could apply, such an argument is moot given the factual circumstances. Plaintiff cites to the following sentence in his attempt to set out the factual circumstances surrounding an illegal cavity search: "An affidavit for a search warrant was not issued for vehicle or persons." (Doc. 90 at 10.) In the context of the document as a whole, entitled "Motion to Suppress Evidence," and the record, it is evident that this sentence refers to suppressing evidence of drugs found on Plaintiff's passenger and girlfriend, Stacy Gurule. (*See id.* at 9-10.) Plaintiff requested of the Thirteenth Judicial District Court that it "suppress[] the evidence obtained illegally by the state without support of obtaining a search warrant." (*Id.* at 9.) There is no suggestion of a cavity search of Plaintiff in this document, even construed in the most liberal manner. Further, the record reflects that while Defendant Burke considered obtaining a search warrant for Plaintiff's rectal cavity (Doc. 111 Ex. 2 at 21), he decided not to because the "need to gather the small amount of substance did not outweigh the unidentified method of retrieval or need for more evidence in future prosecution" (Doc. 110 Ex. 1 at 17). This evidence serves as additional support for this Court's finding that Plaintiff's "Motion to Suppress

Evidence" applied to drugs found on Stacy Gurule's person and not to any illegal cavity search of Plaintiff. Therefore, the Court finds Plaintiff's objection regarding denial of leave to amend to include claims against Defendants John Does 1-3 based on the statute of limitations, to be without merit.

Finally, Plaintiff argues that even if his claims against Defendants John Does 1-3 are barred by the statute of limitations, he should still be allowed to amend his complaint to include these claims because the statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c) and therefore not jurisdictional. This objection is unpersuasive. "A district court may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quotation omitted). Such is the situation here. This Court has already determined that granting leave to amend would be futile because Defendant brought his claims against Defendants John Does 1-3 outside of the applicable statute of limitations. Accordingly, Plaintiff's claims against them would be subject to dismissal.

IT IS ORDERED THAT:

1) The Magistrate Judge's PFRD (Doc. 211) is adopted as an Order of this Court to the extent that it is consistent with this Memorandum Opinion and Order;

2) Plaintiff's motion to amend his claims against Defendant Burke as they pertain to his transportation to UNMH is DENIED on the basis of futility, and Defendant Burke will be granted summary judgment on those claims, which will be dismissed with prejudice;

3) Plaintiff's motion to amend his claims as they pertain to Defendant Flores is DENIED;

4)  Defendant Flores is entitled to qualified immunity and summary judgment will be granted in his favor, and all claims against Defendant Flores will be dismissed with prejudice;

5)  Plaintiff's motion to amend his claims as they pertain to Defendants John Does 1-3 is DENIED due to futility based on the statute of limitations; and

6)  Plaintiff may, subject to Fed. R. Civ. P. 11, file a motion to amend his complaint and a proposed amended complaint that is consistent with this Memorandum Opinion and Order.

_____

SENIOR UNITED STATES DISTRICT JUDGE