IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

      Plaintiff,

v.                                                12cv1157 JAP/WPL

OFFICER JEFFREY BURKE,

      Defendant.

**ORDER DENYING APPOINTMENT OF COUNSEL**

Plaintiff James Kirk filed his sixth motion for appointment of counsel. (Doc. 241; *see also* Docs. 3, 57, 60, 97, 183.) His first four motions were denied. (*See* Docs. 27, 63, 107.) His fifth motion was resolved via my Order Appointing Counsel, in which I appointed counsel under the Court's Pro Bono Plan. (Doc. 188.) Kirk's counsel, however, later filed an Unopposed Motion to Withdraw because "Counsel and Plaintiff . . . reached an impasse regarding case strategy." (Doc. 224 at 2.) I granted the motion (Doc. 225), and Kirk currently proceeds pro se.

There is no Sixth Amendment right to appointed counsel in a civil proceeding. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). When a plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In deciding whether to appoint counsel, a court should consider the following factors: the merits of the claims, the nature and complexity of the factual and legal issues raised in the claims, and the litigant's ability to investigate the facts and present the claims. *Id.*

A decision to deny counsel will only be overturned when it results in fundamental unfairness. *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006).

For the reasons set forth in the Court's previous denials (Docs. 27, 63, 107), Kirk's motion for appointment of counsel is DENIED. Kirk appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. Moreover, though I referred Kirk's case to the pro bono panel when I withdrew my Proposed Findings and Recommended Disposition in light of the Supreme Court's decision in *Tolan v. Cotton*, 134 S. Ct. 1861 (2014) (*see* Doc. 176 at 2), a new Supreme Court decision does not, by itself, warrant counsel under *Hill*, and Kirk's former counsel had the opportunity to address *Tolan* in her Motion for Leave to File Amended Complaint (Doc. 200) and Written Objections to Proposed Findings and Recommended Disposition (Doc. 214). Therefore, the interests of justice do not require the appointment of counsel at this time.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.