IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

       Plaintiff,

v.                                                     12cv1157 JAP/WPL

OFFICER JEFFREY BURKE,

       Defendant.

## THIRD PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I address three motions in this Third Proposed Findings and Recommended Disposition ("Third PFRD"): (1) Defendant Jeffrey Burke's Motion to Strike Plaintiff's Amended Complaint (Doc. 236); (2) Plaintiff James Kirk's Motion for Leave to Amend (Doc. 240); and (3) Burke's Motion to Strike Plaintiff's Modified Complaint (Doc. 252). I recommend that the Court grant-in-part and deny-in-part the first motion, deny the second motion, and grant the third motion.

The relevant procedural background is as follows. Kirk, via appointed counsel, filed a Motion for Leave to File Amended Complaint (Doc. 200) to amend Document 53, the active complaint in the case (*see* Doc. 211 at 3). After withdrawing my first PFRD (*see* Docs. 162, 176), I entered a second PFRD suggesting significantly narrowing Kirk's claims (Doc. 211), which Judge Parker later adopted in a Memorandum Opinion and Order, entered August 7, 2015 ("MOO") (Doc. 216). The MOO granted "Plaintiff leave to amend to assert claims against Defendant Burke arising during the 1:00 p.m. to 1:24 p.m. time period on October 26, 2010." (*Id.* at 7.) After three months passed without Kirk filing an amended complaint, Judge Parker entered an Order instructing Kirk to "file an updated amended complaint . . . consistent with the Court's August 7, 2015 MOO and Fed. R. Civ. P. 11" by "December 1, 2015," or "Plaintiff's remaining

claims against Defendant Officer Jeffrey Burke will be dismissed." (Doc. 223 at 1-2.) Kirk then timely filed his Amended Complaint for Damages (Doc. 226), though did so pro se, as I previously granted his counsel's Unopposed Motion to Withdraw (*see* Docs. 224, 225). After Kirk filed his pro se Amended Complaint for Damages, he also filed a Motion for Leave to Amend (Doc. 240), a "Modified Complaint" (Doc. 250), and a motion to produce electronic evidence (Doc. 264).

Burke's Motion to Strike Plaintiff's Amended Complaint "requests that [Burke] be dismissed as a defendant" because "plaintiff failed to file an Amended Complaint within the parameters" set by Judge Parker's MOO. (Doc. 236 at 10.) Specifically, Burke argues that Kirk "failed to assert only the limited claim remaining against defendant Officer Jeffrey Burke [and] also named two entirely new defendants and continued to assert claims previously disposed of by the Court." (*Id.*) Kirk did not file a response.

I agree that Kirk exceeded the parameters of the MOO by attempting to add two new defendants, but disagree that the Amended Complaint exceeds the scope of amendment permitted by the MOO because both the facts section and the claims section adequately address the twenty-four minutes following the roll-over crash. Specifically, Kirk's "Background" section notes that the "officers handcuffed Plaintiff and placed him in the back seat of [the] police car . . . unattended," and the claims section alleges that "Defendants['] actions violated Plaintiff[']s Fourteenth and Fourth Amendment rights to adequate medical care and illegal search and seizure." (Doc. 226 at 3, 4.) Accordingly, I recommend granting Burke's motion to the extent that Kirk added new defendants and denying Burke's motion to the extent that Kirk brings claims arising from the twenty-four minute period.

Kirk's motion for leave to amend seeks to "add defendants Haley Cage[] and Paul Lopez for the purpose of giving there [sic] testimony of what they wittnessed [sic] at the time of the accident and transportation to UNMH." (Doc. 240 at 1.) Kirk's motion, however, does not contain a proposed amended complaint, which violates D.N.M.LR-Civ. 15.1, which states that "[a] proposed amendment to a pleading must accompany the motion to amend." Kirk also fails to assert a cause of action against Cage or Lopez. Even though Kirk proceeds pro se, "a pro se litigant must comply with the rules of procedure, including local rules." *Jackson v. Jackson*, 377 F. App'x 829, 831 (10th Cir. 2010) (unpublished) (citations omitted).

Under the liberal pleading standard, however, *see Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), another interpretation of the motion is that it addresses Kirk's desire to call Cage and Lopez as witnesses at trial. This interpretation is bolstered by the lack of claims against Cage and Lopez and the case caption that lists only Burke, as a single defendant. (*See* Doc. 240 at 1.) Under either interpretation, I recommend denying Kirk's motion without prejudice. If it is a motion for leave to amend, Kirk failed to comply with the local rule. If it is a motion to add witnesses, it is premature, and Kirk can refile it later, if and when the Court schedules a trial.

Burke also filed a Motion to Strike Plaintiff's Modified Complaint. (Doc. 252.) I recommend granting the motion because Kirk did not file a response or seek an extension within seventeen days as required by D.N.M.LR-Civ. 7.4(a) and Federal Rule of Civil Procedure 6(d), and Kirk needed leave to file the complaint, which the Court has not granted. (*See* Doc. 63 at 2 ("No further amendments will be considered except by prior order of the Court.").)

As discussed herein, I recommend that the Court grant-in-part and deny-in-part Burke's Motion to Strike Plaintiff's Amended Complaint (Doc. 236), deny Kirk's Motion for Leave to

Amend (Doc. 240), and grant Burke's Motion to Strike Plaintiff's Modified Complaint (Doc. 252).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*William P. Lynch*
William P. Lynch
United States Magistrate Judge