IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

      Plaintiff,

v.                                         12cv1157 JAP/WPL

OFFICER JEFFREY BURKE,

      Defendant.

**ORDER FOR BURKE TO SUBMIT SECOND *MARTINEZ* REPORT**

In a suit brought by a *pro se* prisoner, the Court may order the defendants to investigate the incident underlying the suit and submit a report, known as a "*Martinez* report," of the investigation. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *See Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or *sua sponte. See id.* at 1109-13; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment *sua sponte*, as long as the opposing party was on notice that she had to come forward with all her evidence). But the prisoner must be given an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

**Directions for Preparing the *Martinez* Report**

In my Order Granting-in-Part and Denying-in-Part Kirk's Motion to Produce Electronic Evidence, I discussed how the issues in the case have narrowed and noted the potential benefit of

reviewing electronic evidence collected by Officer Lopez during his involvement in the underlying incident. (*See* Doc. 271.) Per that Order, Defendant Jeffrey Burke will submit a second *Martinez* report and must abide by the following instructions.

    1) The report must state whether Lopez collected any electronic evidence during any part of the events underlying this lawsuit.

    2) If Lopez collected electronic evidence, Burke must provide it to both the Court and Kirk.

    3) If Lopez collected electronic evidence but Burke cannot provide it because it was lost, deleted, destroyed, or otherwise disposed of, whether voluntarily or accidentally, Burke must explain the New Mexico State Police ("NMSP") policy in effect at the time of the disposition of the evidence and explain whether the disposition complied with or violated the policy. If a violation of policy occurred, Burke must identify individuals that are or may be responsible.

    4) If Lopez did not collect electronic evidence, Burke must explain why. If Lopez's failure to collect electronic evidence violated NMSP policy in effect at the time, Burke must both explain the policy and explain how Lopez violated it.

    The *Martinez* report must be filed and served on Kirk no later than **June 27, 2016**. Kirk must file his response or objections to the report no later than **July 27, 2016**. Burke must file his reply, if any, no later than **August 3, 2016**.

    The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims against Burke.

    IT IS SO ORDERED.

                                                                                William P. Lynch
                                                                                United States Magistrate Judge